FW 40000 5678

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

# FORT WORTH DIVISION

ASHLEY MCCASLAND,

   Plaintiff,

v.

Fort Worth Pipe Trades Training Center Trust,

   Defendant.

Civil Action No. _____ **4-26CV-148-0**

## ORIGINAL COMPLAINT

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in the Northern District of Texas because the unlawful employment practices occurred in Fort Worth, Texas.

## II. PARTIES

4. Plaintiff Ashley McCasland is a resident of Tarrant County, Texas.

5. Defendant is an employer within the meaning of Title VII and does business in Tarrant County, Texas.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), Charge No. 450-2025-05740.

7. The EEOC issued a Notice of Right to Sue on November 19, 2025, which Plaintiff received by email on November 20, 2025.

8. This lawsuit is filed within 90 days of receipt of the Notice of Right to Sue.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant in an administrative and operational leadership capacity, performing accounting, payroll, reporting, and oversight functions.

10. During her employment, Plaintiff reported documented misconduct involving a male superior, including improper financial practices and operational irregularities.

11. Plaintiff reasonably believed that the reported conduct reflected unequal accountability and preferential treatment within a male-dominated leadership structure.

12. Plaintiff opposed what she reasonably believed to be unfair and unlawful practices, including disparate enforcement of workplace standards.

13. The male employee admitted to certain conduct but was not terminated.

14. Defendant's governing board, composed entirely of male members, was informed of Plaintiff's reports and concerns.

15. After Plaintiff submitted her complaints, the male employee presented the Board with an ultimatum that either Plaintiff would be removed or he would leave.

16. On December 11, 2024, Plaintiff was informed that it was her last day of employment.

17. Plaintiff was offered the option to resign with severance or be terminated. Plaintiff declined to resign.

18. When Plaintiff asked whether she had done anything wrong, she was told 'no, not really.'

19. The stated reason for termination was a 'toxic working environment' and that 'two people can't work together.'

20. Plaintiff was terminated. The male employee remained employed.

21. Plaintiff was treated less favorably than a similarly situated male employee under the same decisionmakers.

## V. COUNT I – SEX DISCRIMINATION (TITLE VII)

22. Plaintiff incorporates the preceding paragraphs.

23. Plaintiff is female and a member of a protected class.

24. Plaintiff was qualified for her position and performed her duties satisfactorily.

25. Plaintiff was terminated while a similarly situated male employee accused of comparable or more serious misconduct was retained.

26. The decision to terminate Plaintiff was made by an all-male board.

27. Defendant's actions constitute unlawful sex discrimination in violation of Title VII.

28. As a result, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

## VI. COUNT II – RETALIATION (TITLE VII)

29. Plaintiff incorporates the preceding paragraphs.

30. Plaintiff engaged in protected activity by opposing and reporting conduct she reasonably believed involved unlawful or discriminatory practices, including unequal accountability and preferential treatment.

31. Plaintiff's complaints and opposition were known to Defendant's decisionmakers.

32. Shortly after Plaintiff engaged in this protected activity, Defendant terminated her employment.

33. The proffered reason of a 'toxic working environment' was pretextual.

34. Plaintiff's protected activity was a motivating factor in Defendant's decision to terminate her.

## VII. DAMAGES

35. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered economic and non-economic damages including lost wages, lost benefits, emotional distress, and reputational harm.

36. Defendant acted intentionally and with reckless disregard for Plaintiff's federally protected rights.

VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

a. Enter judgment in her favor;

b. Award back pay and front pay;

c. Award compensatory damages;

d. Award punitive damages;

e. Award costs of court;

f. Award all other relief to which Plaintiff is justly entitled;

g. Grant trial by jury.

Respectfully submitted,

Ashley McCasland

10041 Blue Bell Dr

Fort Worth, TX 76108

817-647-4177

Ashleymccasland1@gmail.com

Pro Se Plaintiff

## JS-44 CIVIL COVER SHEET INFORMATION

Court: United States District Court

District: Northern District of Texas

Division: Fort Worth Division

Plaintiff: Ashley McCasland

County of Residence: Tarrant County, Texas

Defendant: Fort Worth Pipe Trades Training Center Trust

County of Residence of First Listed Defendant: Tarrant County, Texas

Basis of Jurisdiction: Federal Question (U.S. Government Not a Party)

Citizenship (Diversity cases only): Not applicable – Federal Question

Nature of Suit Code: 442 – Civil Rights: Employment

Origin: 1 – Original Proceeding

Cause of Action: 42 U.S.C. § 2000e (Title VII – Sex Discrimination and Retaliation)

Requested in Complaint:

Back Pay

Front Pay

Compensatory Damages

Punitive Damages

Costs of Court

Lawyer Fees

Jury Demand: Yes

Related Cases: None known at this time.

Signature: _____

Date: _____